WILLIAM ALLEN *et al.*, Plaintiffs-Appellees, v. THE BOARD OF TRUSTEES OF BELLEVILLE AREA COLLEGE DISTRICT 522, Defendant-Appellant.

Fifth District   No. 5—84—0801

Opinion filed June 25, 1986.

Donald W. Anderson and James P. Osick, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, and Thomas W. Alvey, Jr., of Thompson & Mitchell, of Belleville, for appellant.

Charles J. Kolker, of Belleville, for appellees.

JUSTICE JONES delivered the opinion of the court:

Defendant, board of trustees of Belleville Area College, District 522 (college), appeals a judgment of the circuit court rendered in favor of the plaintiffs, who were some of the teachers employed by the college. Plaintiffs' action was brought to recover salary that they alleged the college had deducted improperly as a "dock" for participation in an illegal strike against defendant. The resolution of the issue presented turns upon the application of the salary provisions of a memorandum of understanding, or contract, to a one-day holiday that fell within the period the plaintiffs were on strike. The trial court held that the salary dock was improper, and we affirm.

There is no dispute as to the essential facts. The college is a public community college organized pursuant to the Public Community College Act (Ill. Rev. Stat. 1979, ch. 122, par. 101—1 et seq.). Plaintiffs were full-time faculty members at the college during the 1980-81 academic year. They were members of, and represented by, the Belleville Area Chapter of the American Association of University Professors in bargaining with the college. No individual plaintiff had an individual contract of employment; instead, their contractual relations with the college were governed by a series of memorandums of understanding between the college and the association.

The 1977-80 memorandum of understanding expired by its terms on the day preceding the first day of the 1980-81 academic year, August 17, 1980. Although negotiations upon a new memorandum were being conducted, an agreement had not been reached and the new academic year began with no agreement in effect. On November 3, 1980, plaintiffs went on strike and so remained until November 19, 1980, although a few of the plaintiffs continued to strike beyond that date. The period of the strike encompassed a legal holiday, Veteran's Day, November 11, 1980. The parties are in agreement that the strike was illegal under the precept of City of Pana v. Crowe (1974), 57 Ill. 2d 547, 316 N.E.2d 513. During the strike the college administration determined not to pay the members of the faculty for the time they were engaged in the strike. This determination was reflected in the new memorandum of understanding that was entered into by the parties sometime in January 1981. That memorandum contained a provi-

sion that faculty members who had participated in the strike would have their "ratification bonus" reduced by 1/80 for each day the faculty member had participated in the strike. However, at the time the new memorandum became effective, the salary docks had already been made. The amounts of salary docks made by the college are not in dispute. The dispute, and this lawsuit, arose when the college docked the salary of the plaintiffs for the Veteran's Day holiday, November 11, 1980. That day was treated by the college as a strike day despite the fact that it was a legal holiday and no classes were in session.

Following a trial before the court sitting without a jury, the court found the issues in favor of the plaintiffs and rendered judgment for them in the aggregate amount of $9,258.05. The court's judgment contained the following:

"2. That both parties, in the Memorandum of Understanding, used an annual basis for salary determination, i.e., either 180 days for a 9 month employee, 220 days for an 11 month employee and 240 days for a 12 month employee, and, thus, did not include holidays or Saturdays and Sundays as part of the salary basis.

3. That the Defendant reduced the Plaintiffs' salary and ratification bonus by computing that November 11th, 1980[,] was a 'work day', which was a legal holiday. Plaintiffs were under no duty to provide service to the Defendant, nor was the Defendant obligated to pay the Plaintiffs under this salary basis as heretofore described."

The dispute on appeal is whether the college acted properly in including November 11 as one of the days for which plaintiffs would not be paid. The college contends that the trial court erroneously converted the annual salary paid into a daily rate, (180 days for a 9-month salary basis and 240 days for a 12-month salary basis; cf. finding No. 2 above) and found that the daily-based salary did not include either holidays or Saturdays and Sundays and, thus, that the deduction for November 11 was improper. The conversion of the annual salary into a daily rate so as to exclude the holidays as well as Saturdays and Sundays was error, the college argues, because in Illinois the term "salary" means a "fixed, annual, periodical amount payable for services and depending upon the time of employment and not the amount of services rendered." (*In re Attorneys of Sanitary District* (1933), 351 Ill. 206, 274, 184 N.E.2d 332, 359.) Thus, the college continues, a salary is independent of the services rendered on any particular day. The teachers were paid in either 18 or 24 increments over

the course of a year, which means that they received the same amount of pay for periods in which a holiday falls as for pay periods in which a holiday does not fall. This means that the plaintiffs were paid for the holiday of November 11 as they were, or would have been, for any other day falling within the strike period. Accordingly, the dock of pay for November 11 was proper.

The plaintiffs' position on appeal is that they were not paid for holidays under the memorandum, and while it was proper to dock their salary for workdays falling within the strike period, it was impermissible to deduct a day's equivalent wage for the November 11 holiday. They term paragraphs two and three of the court's judgment as a finding of fact that can be overturned by this court only if it is against the manifest weight of the evidence. Insisting that the finding is not against the manifest weight of the evidence, the plaintiffs ask that the judgment be affirmed.

We must agree with the college that paragraphs two and three of the trial court's judgment do not constitute a finding of fact. The facts of the case are, as stated above, essentially undisputed. The facts present to the court an issue to be resolved as a matter of law. We believe that was the approach taken by the trial court, and we must regard the issue in the same manner.

There is no provision in either the expired or the new memorandums of understanding that deals with the matter of pay for holidays. Likewise, no statute is directly applicable. Under the memorandums of understanding, the plaintiffs were paid an annual salary, in either 18 or 24 equal increments, for a specified number of teaching days. In actual fact, and depending upon the particular courses of instruction taught, the actual number of days taught by the various members of the teaching staff would vary. The teachers at the college are not like the ordinary industrial worker covered by a collective-bargaining agreement where the general rule seems to be that pay is received for holidays. In any event, we are not dealing with a matter of pay for a holiday; rather, it is a matter of deduction of pay for a holiday.

The record before us indicates that plaintiffs did not picket on nonschool days, that is, there were no pickets on Saturdays, Sundays or on the November 11 holiday. Teachers receive "pay" for a holiday simply because a holiday may fall within a pay period. They are not required to work on the holiday in order to receive this pay. The reason they do not work is immaterial for our purposes. They ordinarily would not work on November 11 because it is a holiday. However, on November 11, 1980, there was an additional reason why they did not work—the strike. The fact that the strike was illegal does not serve to

substitute or replace a paid nonworking day with an unpaid nonworking day.

The plaintiffs were never required to work on Saturday and Sunday. Yet, in the same sense that they are paid for holidays under the annual-salary thesis, they are also paid for Saturdays and Sundays. The college, however, made no attempt to dock plaintiffs' pay for the Saturdays and Sundays that fell within the strike period. Consistency would dictate that for purposes of a dock in pay holidays would be treated in the same manner as Saturdays and Sundays. The salary dock isolates particular days for imposition of a penalty. However, it would constitute an unwarranted and unjustified superpenalty to add to those penalty days a day from which nothing was normally expected from the plaintiffs.

The college has raised additional issues. They contend that the plaintiffs waived their right to contest the amount of the dock or the method used to compute it. The contention is based upon the assertion that the dock of salary had occurred before the ratification of the new memorandum of understanding. That memorandum contained a provision that the parties waived the right to bargain collectively with respect to any subject matter referred to or covered by the memorandum. We believe, however, that the waiver argument is not well taken. Although the memorandum covered the matter of salary, it also contained a provision for a "ratification bonus" that all members would receive with a proviso that the bonus to be paid to the strikers would be reduced by $1/80$ for each day the member participated in the strike.

The memorandum pertains to collective bargaining and plaintiffs' lawsuit does not involve collective bargaining, or any issue arising therefrom. Furthermore, the memorandum does not purport in any way to cut off any right of action that might be held by any members of the Belleville Area Chapter, particularly the plaintiffs. Finally, the college cannot be permitted to use the waiver provision of the new memorandum to screen its improper dock of salary otherwise due the plaintiffs.

Finally, the college makes a public-policy argument based upon the case of *City of Pana v. Crowe* (1974), 57 Ill. 2d 547, 316 N.E.2d 513. That case held that as a matter of public policy a strike by public employees is unlawful. The *City of Pana* case is inapplicable here. The plaintiffs here suffered the penalty for an illegal strike when they lost all pay for the teaching days they were on strike. However, as we have held, such penalty may not extend to a nonteaching day any more than it could to a Saturday or Sunday. There was no violation of

public policy when plaintiffs failed to report for work on a nonteaching day.

The reasoning adopted by the college essentially converts a nonteaching day into a teaching day solely for the purpose of a dock in pay. They are caught up in their own reasoning in that they necessarily invoke a "per day" basis of an annual salary for the purpose of imposing a penalty.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

KASSERMAN, P.J., and HARRISON, J., concur.